McGREGOR W. SCOTT
United States Attorney
JAMES R. CONOLLY
Assistant United States Attorney
501 I Street, Suite 10-100
Sacramento, CA 95814
Telephone:  (916) 554-2700
Facsimile:  (916) 554-2900

Attorneys for Plaintiff
United States of America

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                              Plaintiff,<br><br>                    v.<br><br>CHRISTOPHER GONZALES,<br><br>                              Defendant. | CASE NO.  2:17-CR-162-TLN<br><br>STIPULATION TO CONTINUE STATUS CONFERENCE AND EXCLUDE TIME PERIODS UNDER SPEEDY TRIAL ACT; FINDINGS AND ORDER<br><br>DATE: July 30, 2020<br>TIME: 9:30 a.m.<br>COURT: Hon. Troy L. Nunley |

This matter was set for a status conference on July 30, 2020, and the parties now request that the Court continue the status conference to September 24, 2020.  To the extent it is needed, this stipulation supplements the basis for exclusion of time under General Order 611, 612, and 617, in the interests of public health and safety, and requests that the Court also exclude time under Local Code T4, for the reasons set forth below.

On April 17, 2020, this Court issued General Order 617, which suspends all jury trials in the Eastern District of California scheduled to commence before June 15, 2020, and allows district judges to continue all criminal matters to a date after June 1.  This and previous General Orders were entered to address public health concerns related to COVID-19.

Although the General Orders address the district-wide health concern, the Supreme Court has emphasized that the Speedy Trial Act's end-of-justice provision "counteract[s] substantive openendedness with procedural strictness," "demand[ing] on-the-record findings" in a particular case.

*Zedner v. United States*, 547 U.S. 489, 509 (2006).  "[W]ithout on-the-record findings, there can be no exclusion under" § 3161(h)(7)(A).  *Id.* at 507.  Moreover, any such failure cannot be harmless.  *Id.* at 509; *see also United States v. Ramirez-Cortez,* 213 F.3d 1149, 1153 (9th Cir. 2000) (explaining that a judge ordering an ends-of-justice continuance must set forth explicit findings on the record "either orally or in writing").

Based on the plain text of the Speedy Trial Act—which *Zedner* emphasizes as both mandatory and inexcusable—General Orders 611, 612, and 617 require specific supplementation.  Ends-of-justice continuances are excludable only if "the judge granted such continuance on the basis of his findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial." 18 U.S.C. § 3161(h)(7)(A).  Moreover, no such period is excludable unless "the court sets forth, in the record of the case, either orally or in writing, its reason or finding that the ends of justice served by the granting of such continuance outweigh the best interests of the public and the defendant in a speedy trial."  *Id.*

The General Orders exclude delay in the "ends of justice."  18 U.S.C. § 3161(h)(7) (Local Code T4).  Although the Speedy Trial Act does not directly address continuances stemming from pandemics, natural disasters, or other emergencies, this Court has discretion to order a continuance in such circumstances.  For example, the Ninth Circuit affirmed a two-week ends-of-justice continuance following Mt. St. Helens' eruption.  *Furlow v. United States,* 644 F.2d 764 (9th Cir. 1981).  The court recognized that the eruption made it impossible for the trial to proceed.  *Id.* at 767-68; *see also United States v. Correa*, 182 F. Supp. 326, 329 (S.D.N.Y. 2001) (citing *Furlow* to exclude time following the September 11, 2001 terrorist attacks and the resultant public emergency).  The coronavirus is posing a similar, albeit more enduring, barrier to the prompt proceedings mandated by the statutory rules.

In light of the societal context created by the foregoing, this Court should consider the following case-specific facts in finding excludable delay appropriate in this particular case under the ends-of-justice exception, § 3161(h)(7) (Local Code T4). [1]  The parties note that the Court has already designated a new date for the status conference.  *United States v. Lewis,* 611 F.3d 1172, 1176 (9th Cir. 2010)

---

[1] The parties note that General Order 612 acknowledges that a district judge may make "additional findings to support the exclusion" at the judge's discretion.  General Order 612, ¶ 5 (E.D. Cal. March 18, 2020).

1   (noting any pretrial continuance must be "specifically limited in time").

2                                             **STIPULATION**

3         1.     By this stipulation, counsel for the United States and counsel for defendant Christopher

4 Gonzalez move to continue the status conference for Mr. Gonzalez until September 24, 2020, at 9:30

5 a.m., and to exclude time between July 30, 2020, and September 24, 2020, under Local Code T4. The

6 other two defendants have entered guilty pleas in this matter.

7         2.     The parties agree and stipulate, and request that the Court find the following:

8             a)     The government has represented that it has produced discovery in the form of

9 investigative reports and photographs, which the defendant needs further time to review, discuss

10 with his counsel, and pursue investigation. The government has also made available to the

11 defense electronic surveillance discovery, which the defendant needs time to review.

12             b)     Counsel for the defendant believes that failure to grant the above-requested

13 continuance would deny counsel the reasonable time necessary for effective preparation, taking

14 into account the exercise of due diligence.

15             c)     Based on the above-stated findings, the ends of justice served by continuing the

16 case as requested outweigh the interest of the public and the defendant in a trial within the

17 original date prescribed by the Speedy Trial Act.

18             d)     For the purpose of computing time under the Speedy Trial Act, 18 U.S.C. § 3161,

19 et seq., within which trial must commence, the time period of July 30, 2020 to September 24,

20 2020, inclusive, is deemed excludable pursuant to 18 U.S.C.§ 3161(h)(7)(A), B(iv) [Local Code

21 T4] because it results from a continuance granted by the Court at defendant's request on the basis

22 of the Court's finding that the ends of justice served by taking such action outweigh the best

23 interest of the public and the defendant in a speedy trial.

24 ///

25 ///

26 ///

27 ///

28

3.    Nothing in this stipulation and order shall preclude a finding that other provisions of the Speedy Trial Act dictate that additional time periods are excludable from the period within which a trial must commence.

IT IS SO STIPULATED.

Dated:  July 28, 2020

McGREGOR W. SCOTT
United States Attorney

_/s/ James R. Conolly_
JAMES R. CONOLLY
Assistant United States Attorney

Dated:  July 28, 2020

_/s/ Timothy Zindel_
TIMOTHY ZINDEL
Assistant Federal Defender
Counsel for Defendant
Christopher Gonzalez

**FINDINGS AND ORDER**

IT IS HEREBY ORDERED, the Court, having received, read, and considered the parties'
stipulation, and good cause appearing therefore, adopts the parties' stipulation in its entirety as its order.
The Court specifically finds the failure to grant a continuance in this case would deny counsel
reasonable time necessary for effective preparation, taking into account the exercise of due diligence.
The Court finds the ends of justice are served by granting the requested continuance and outweigh the
best interests of the public and defendant in a speedy trial.

The Court orders the time from the date the parties stipulated, up to and including September 24,
2020, shall be excluded from computation of time within which the trial of this case must be
commenced under the Speedy Trial Act, pursuant to 18 U.S.C. § 3161(h)(7)(A) and (B)(iv) (Local Code
T4). It is further ordered that the July 30, 2020 status conference shall be continued until September 24,
2020, at 9:30 a.m.

IT IS SO FOUND AND ORDERED this 28th day of July, 2020.

_____
Troy L. Nunley
United States District Judge

STIPULATION TO CONTINUE STATUS AND EXCLUDE
TIME; FINDINGS AND ORDER

5